# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LEE EDWARD BOYD,                      )
                                      )
               Petitioner,    )
                                      )
v.                                    )    Case No. CIV-10-378-M
                                      )
JUSTIN JONES, DIRECTOR,               )
                                      )
               Respondent.    )

## REPORT AND RECOMMENDATION

Petitioner, Lee Edward Boyd, appearing *pro se*, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court convictions. Respondent has filed a Motion to Dismiss [Doc. #7] and a Brief in Support of Motion to Dismiss (Respondent's Motion) [Doc. #8] seeking dismissal of the petition based on Petitioner's failure to exhaust state court remedies as to some or all of the grounds for relief asserted in his Petition. It is recommended that Respondent's Motion to Dismiss be granted.

## I.    Background and Case History

On April 22, 2008, Petitioner was convicted after a jury trial in Case No. CF-2007-53 in the District Court of Noble County, State of Oklahoma, of one count of First Degree Rape, five counts of Lewd Acts with a Child under Sixteen, and one count of Indecent Exposure. He was sentenced to a total term of fifty years imprisonment.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA) raising three issues: (1) that he was deprived of a fair trial when the trial court

admitted evidence of other crimes; (2) that prosecutorial misconduct deprived him of a fair trial and due process of law; and (3) that the trial court erred when it refused to give the jury an instruction on the necessity of corroboration of victim testimony on the rape count. *See* Respondent's Motion, Exhibit 1, Brief of Appellant before the OCCA. The OCCA affirmed Petitioner's convictions on June 24, 2009. *See* Respondent's Motion, Exhibit 3, OCCA Summary Opinion. Respondent states that Petitioner has not filed an application for post-conviction relief in state district court. *See* Respondent's Motion at 2.

In this action, Petitioner contends that he is entitled to habeas relief because (1) the test "of molestation . . . came back negative"; (2) the Assistant District Attorney said the evidence of other uncharged crimes was evidence of a pertinent character trait; (3) Petitioner was not allowed to have any witnesses on his behalf, and he was not allowed to take a lie detector test; and (4) one of the witnesses admitted to making previous unfounded claims of molestation, and this information was not brought to the attention of the jury. Petition at 5-10.

Respondent contends that none of the grounds for relief raised before this Court have been exhausted in the state courts and that Petitioner has available state-court remedies in the form of an application for post-conviction relief. In the alternative, Respondent contends that even if this Court should find Petitioner has exhausted his state court remedies as to grounds two and four, based on a finding that these grounds touch on issues raised on direct appeal, the Petition should nevertheless be dismissed as a "mixed petition" raising both exhausted and unexhausted grounds for habeas relief.

**II.     Analysis**

"Congress has emphatically directed us that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies – that is, unless doing so would be futile because of an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (internal citations and quotations omitted). Because of the exhaustion requirement, "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (summarizing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)).

The record indicates Petitioner has not completed exhaustion of state court remedies. There is no indication in the record that the issues raised in grounds one and three of his Petition have ever been presented to the state courts in any form. Only the issues asserted in grounds two and four are similar to issues raised in state court on direct appeal and could be deemed exhausted.

In the instant habeas petition, Petitioner's second ground for relief, headed "no through [sic] investigation," is followed by the statement, "Assistant District Attorney said the evidence of other uncharged crimes was evidence of a pertinent character trait." Petition at 7. The first proposition raised on direct appeal was that "improper other crime evidence deprived appellant of a fair trial." Response Exhibit 1 at 4-7. There, Petitioner's appellate counsel argued that testimony regarding other crimes was improperly admitted, in that

evidence of other crimes "is not admissible to show that a person acted in conformity with a character trait." *Id.* at 6. A liberal construction of Petitioner's second ground for habeas relief could encompass the claim raised on direct appeal in Proposition I.

Petitioner's fourth ground for habeas relief in the Petition before this court is headed "Childrens [sic] mother lied through out procedings [sic]," and is supported by the following statement:

> N.F. admitted to accusing the childrens [sic] grandfather of molesting them several years earlier which became unfounded. All the previous allegations she made against other persons was [sic] also unfounded. This matter was never brought to the jurys [sic] attention due to the fact that no instruction was ever given.

Petition at 10. The third proposition raised on direct appeal was headed "The Trial Court Erred by Failing to Give an Instruction on Corroboration." Response Exhibit 1 at 10. One of the arguments made by Petitioner's appellate counsel was that such an instruction was necessitated by the inconsistent testimony of the alleged victims as well as the testimony of their mother, Natasha Fosnight (N.F.), based on the mother's having previously accused other men of molesting her children. A liberal construction of Petitioner's fourth ground for habeas relief could encompass the issues raised on direct appeal in Proposition III.

Where, as here, a habeas petition contains both exhausted and unexhausted claims, the petition is a "mixed petition" and must be dismissed. *Rose*, 455 U.S. at 510; *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995). When faced with dismissal of a mixed petition, a habeas petitioner has a choice. The petitioner may either (1) return to state court

4

and exhaust available state remedies or (2) amend his petition to present only exhausted federal claims. *Rose*, 455 U.S. at 520-21.

If Petitioner chooses to amend his petition and raise only exhausted claims, he may forfeit future consideration of his unexhausted claims. *Rose*, 455 U.S. at 520-21. If, however, Petitioner returns to state court to exhaust available state remedies, the one-year limitations period governing his habeas claims, *see* 28 U.S.C. § 2244(d), will not be tolled during the time the instant federal habeas petition has been pending in this Court. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) ("§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition"). In this case, it appears that any subsequent federal habeas petition filed by Petitioner could well be untimely. *See* 28 U.S.C. § 2244(d)(1).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court recognized the interplay between the exhaustion requirement and the limitations period governing federal habeas actions often results in difficulty for prisoners, especially when they are proceeding *pro se*. The Supreme Court modified the rule set forth in *Rose v. Lundy* by recognizing that federal district courts "ordinarily have authority to issue stays[.]" *Rhines* at 276. The Court concluded that a district court can grant a stay to a habeas petitioner and hold the case in abeyance while the petitioner exhausts state court remedies, provided that the stay is "compatible with AEDPA's purposes." *Id.* The Supreme Court began its analysis by recognizing that when it formulated the *Rose v. Lundy* rule requiring dismissal of mixed petitions, there was no statute of limitations governing the filing of habeas petitions and

5

"petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Rhines*, 544 U.S. at 274. The Court recognized the gravity of the problem created by the interplay between *Lundy's* dismissal requirement and the one-year limitations period established by AEDPA. "Petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines* at 275. As the Court explained, if a petitioner files a timely but mixed petition in federal district court and the district court dismisses the petition under *Lundy*, the risk is great that the limitations period would preclude federal habeas review both in cases where the dismissal occurs after the limitations period has expired and in cases where the dismissal occurs close to the end of the one-year period. The Court concluded, therefore, that stay and abeyance should be available when the petitioner has good cause for his failure to exhaust, when his unexhausted claims are potentially meritorious, and when there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277.

Here, Petitioner has not only failed to request a stay of this action, but he has also failed to file a response to Respondent's Motion to Dismiss.[1] Under these circumstances, it

---

[1] The Court notes that Petitioner did submit a letter to the Court on August 9, 2010 [Doc. #10]. The Court entered an Order [Doc. #11] indicating that the letter was received without action. The Court further instructed Petitioner that if he wished to submit a response to a motion, he must submit a response conforming to this Court's local rules and the Federal Rules of Civil Procedure, including the requirements that the document be clearly styled and properly captioned. In Petitioner's letter, he primarily professes his innocence, but he also states "I filed in Noble County for post-conviction relief several times but I got no answers. I register my mail so I know they got
(continued...)

is recommended that Respondent's Motion to Dismiss be granted and that the Petition for Writ of Habeas Corpus be dismissed without prejudice.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #7] be granted and that the Petition for Writ of Habeas Corpus be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by September 21st, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

---

[1](...continued)
them." Petitioner does not, however, submit any copies of what he mailed to Noble County or indicate what, if any, issues were raised. To date, Petitioner has not filed a properly styled and captioned Response to the Motion to Dismiss or requested additional time to do so.

DATED this __31st__ day of August, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE